Michael Perloff (D.C. Bar No. 1601047) (*pro hac vice* to be filed)
mperloff@acludc.org
Laura K. Follansbee (D.C. Bar No. 1782046) (*pro hac vice* to be filed)
lfollansbee@acludc.org
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF THE DISTRICT OF COLUMBIA
529 14th St NW, Ste 722
Washington, DC 20045
Telephone: (202) 457-0800

Jacob A. Snow (CA Bar No. 270988)
jsnow@aclunc.org
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN CALIFORNIA
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 621-2493

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE, | Case No. 3:26-cv-03988 |
| Plaintiff, | **MOTION TO PROCEED PSEUDONYMOUSLY** |
| v. | |
| MARKWAYNE MULLIN, *in his official capacity as Secretary of the United States Department of Homeland Security* | |
| Defendant. | |

MOTION TO PROCEED PSEUDONYMOUSLY                                  Case No. 3:26-cv-03988

**<u>INTRODUCTION</u>**

Plaintiff John Doe respectfully moves to proceed under a pseudonym in this litigation. Mr. Doe, a Canadian citizen and resident, is a frequent critic of the Trump administration on X and other social media platforms, posting there under a pseudonymous username. Doe Decl. ¶¶ 2-5. For no apparent reason, apart from Mr. Doe's social media commentary, the Department of Homeland Security ("DHS") has targeted Mr. Doe through an administrative summons ("the Summons"). *Id.* ¶ 10. Served on Google, the Summons demands "[a]ll records and other information relating" to a Gmail account that belongs to Mr. Doe and that is linked to his X account. Ex. A to the Complaint at 2 ("Summons"); Doe Decl. ¶ 8. The Summons further orders Google to turn over certain, specific facts about Mr. Doe, including: his name and address; "location information" that could reveal extensive facts about his physical movements; and "activity" information that could disclose vast details about the websites he visits and the people he communicates with online. Summons at 2. For reasons explained in the Complaint, the government lacks legal authority to compel production of this information through the Summons. *See* Compl., ECF 1 ¶¶ 55-60.

Mr. Doe now moves to protect his anonymity as this litigation proceeds so that he can safeguard his privacy as he contests the government's authority to pierce it.

**ARGUMENT**

Parties litigating in federal court must generally proceed under their true names; however, this principle is not inviolable. *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000). Federal courts, including the Ninth Circuit, permit parties to preserve their anonymity "when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id.* at 1068. One of "the most compelling situations" where courts allow parties to proceed under a pseudonym arises when "the injury litigated against would occur as a result of the disclosure of the plaintiff's identity." *Doe v. UNUM Life Ins. Co. of Am.*, 164 F. Supp. 3d 1140, 1145 (N.D. Cal. 2016) (cleaned up). Another circumstance justifying anonymity occurs when a party "reasonably fear[s] severe retaliation." *Advanced Textile Corp.*, 214 F.3d at 1069.

These considerations are both present here. As explained in Part I, if Mr. Doe proceeded under his true name, he would supply the government with the very information he filed this case to shield and, in the process, expose himself to the possibility of severe retaliation in the form of abuse at the border or

MOTION TO PROCEED PSEUDONYMOUSLY            1            Case No. 3:26-cv-03988

further summonses. As explained in Part II, each of these concerns independently outweighs the potential for prejudice to others: Defendant Mullin does not face a realistic risk of prejudice if Mr. Doe proceeds anonymously, and the public will benefit if the Court allows Mr. Doe to protect his privacy. For these reasons, the motion should be granted.

## I.    Mr. Doe's Interest in Proceeding Pseudonymously Is Substantial.

### A.  Disclosure of Mr. Doe's identity would be self-defeating.

If Mr. Doe were required to proceed under his own name, the "injury litigated against would occur." *UNUM Life Ins. Co. of Am.*, 164 F. Supp. 3d at 1145 (N.D. Cal. 2016) (cleaned up). The government served the Summons to uncover Mr. Doe's identity. Mr. Doe filed this lawsuit to prevent the government from obtaining that information. Requiring him to proceed under his own name would give the government one of the very pieces of information it unlawfully seeks. Indeed, disclosure of Mr. Doe's name could allow Defendant to learn other facts unlawfully sought by the Summons too. DHS, along with other federal agencies, purchases "huge amounts" of sensitive personal metadata from data brokers.[1] These bulk sales allow federal agencies, including DHS, to learn significant information about large numbers of individuals, including their political views, religion, medical conditions, and the people with whom they spend time.[2] If DHS received Mr. Doe's name, it could cross-reference it against the data it has purchased, and possibly learn much of what it seeks to uncover through the Summons that Mr. Doe is challenging.

Thus, requiring Mr. Doe to proceed under his own name would moot some or all his requested relief. The law simply does not require that a party relinquish a right as a condition of asserting it. *See, e.g.*, *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000) (noting that plaintiffs should be able to proceed anonymously "where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity" (quoting *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992)); *M. S. v. Wermers*, 557

---

[1] Anika Venkatesh & Lauren Yu, *DHS is Circumventing Constitution by Buying Data It Would Normally Need a Warrant To Access*, ACLU (Jan. 12, 2026), https://www.aclu.org/news/privacy-technology/dhs-is-circumventing-constitution-by-buying-data-it-would-normally-need-a-warrant-to-access

[2] Letter from Members of Congress to The Honorable Joseph V. Cuffari, DHS Inspector General (March 3, 2026), https://www.wyden.senate.gov/imo/media/doc/wyden_letter_to_dhs_oig_on_ice_purchasing_location_datapdf.pdf

F.2d 170, 176 (8th Cir. 1977) (declining to require a minor plaintiff to "disclose her participation [in the case] to her parents" when doing so "would substantially nullify the privacy right she seeks to vindicate.").

Accordingly, courts have permitted parties to proceed pseudonymously in cases like this one. *See, e.g., United States Dep't of Just. v. Utah Dep't of Com.*, 2017 WL 963203, at \*1 (D. Utah Mar. 10, 2017) (allowing parties to proceed pseudonymously when they challenged administrative summons seeking to compel disclosure of their medical records); *Sunlust Pictures, LLC v. Cisa*, 2012 WL 5187837, at \*3 (D. Colo. Oct. 19, 2012) (concluding that movants could proceed pseudonymously because they sought entry into the litigation for the "very purpose of protecting their personal identifying information from disclosure"); *Roe v. Ingraham*, 364 F. Supp. 536, 541 n.7 (S.D.N.Y. 1973) (finding plaintiffs could proceed pseudonymously when they challenged a statute allowing the government to record the names of people who used certain prescription medications).

In sum, because proceeding under his own name would inflict the injury he is litigating against, Mr. Doe has a "compelling" need for anonymity. *UNUM Life Ins. Co. of Am.*, 164 F. Supp. 3d at 1145.

### B.  Mr. Doe reasonably fears severe retaliation if his identity is uncovered.

Mr. Doe has a second, independent need for anonymity: the possibility of retaliation if his name is revealed. To assess this interest, the Ninth Circuit considers (1) the severity of the threatened harm (2) the reasonableness of the anonymous party's fears and (3) the anonymous party's vulnerability to retaliation. *Advanced Textile Corp.*, 214 F.3d at 1068. Here, each of these factors supports Mr. Doe's request to proceed pseudonymously.

First, the potential retaliation is severe. The Trump administration has repeatedly imposed substantial costs on critics like Mr. Doe, denying them entry to the United States,[3] detaining those permitted to enter whey they try,[4] and invading their privacy by using administrative summonses like this

---

[3] *See e.g.*, Robert Mackey, *French Scientist Denied U.S. Entry After Phone Messages Critical of Trump Found*, The Guardian (Mar. 19, 2025), https://www.theguardian.com/us-news/2025/mar/19/trump-musk-french-scientist-detained; Marina Dunbar, *Members of British Punk Rock Band UK Subs Denied Entry Into the U.S.*, The Guardian (Mar. 21, 2025), https://www.theguardian.com/us-news/2025/mar/21/uk-subs-band-detained-deported; Rajpreet Sahota, *Canadians Caught in Crossfire as U.S. Customs Searches of Electronic Devices Rise at Borders*, CBC (Aug. 28, 2025), https://www.cbc.ca/news/canada/windsor/us-canada-device-searches-1.7619944.

[4] *See e.g.*, Jack Springgate, *Dearborn Attorney Representing Pro-Palestinian Protestor Says He Was Detained, Questioned at Airport*, CBS News (Apr. 8, 2025), https://www.cbsnews.com/detroit/news/dearborn-attorney-detained-after-family-trip/.

---

MOTION TO PROCEED PSEUDONYMOUSLY              3              Case No. 3:26-cv-03988

one, as well as grand jury subpoenas,[5] to demand that internet service providers disclose significant information about them.[6] "[R]etaliation from a foreign government," which, for Mr. Doe, a Canadian citizen and resident, the United States is, "is recognized by the Ninth Circuit and other district courts as a sufficient basis to proceed anonymously." *Doe v. U.S. Citizenship and Immigration Services*, No. 121-CV-00576-NONE-SAB, 2021 WL 1907562, at *4 (E.D. Cal. May 12, 2021) (cleaned up).

Second, Mr. Doe's fears of retaliation are reasonable. Mr. Doe is concerned about harassment if he attempts to enter the United States and fears DHS undertaking further attempts to invade his privacy. Doe Decl. ¶ 14. The very conduct challenged here—DHS's issuance of an administrative summons for no apparent reason other than Mr. Doe's social media commentary—demonstrates the reasonableness of these concerns, as does the pattern of retaliation described above.

Third, Mr. Doe is particularly vulnerable to these harms. He is one of a limited number of social media critics challenging an administrative summons of this kind.[7] A litigant's vulnerability to retaliation is "enhanced" when he lacks "safety in numbers." *Advanced Textile Corp.*, 214 F.3d at 1072.

In sum, Mr. Doe has a substantial need to proceed anonymously because he reasonably fears severe retaliation and is vulnerable to it.

## II.　Mr. Doe's Interests in Anonymity Outweigh the Possibility of Prejudice To the Defense and Align with the Public Interest.

Mr. Doe's privacy interests outweigh countervailing concerns. Safeguarding Mr. Doe's anonymity is unlikely to prejudice Defendant Mullin. Defending against Mr. Doe's claim—that the Summons exceeded the government's authority under 19 U.S.C. § 1509—does not require knowledge of Mr. Doe's name. The claim turns predominately on questions of statutory interpretation and the basis for DHS's

---

[5] *See e.g.*, Ryan Devereaux, *A Redditor Criticized ICE: Trump is Trying to Unmask Them by Dragging the Company to a Secret Grand Jury*, The Intercept (Apr. 10, 2026), https://theintercept.com/2026/04/10/reddit-ice-protest-grand-jury/.

[6] *See, e.g.*, *In re Subpoena No. FY25-ELC-0105*, *Doe v. U.S. Dep't of Homeland Sec.*, No. 3:25-mc-80286-TSH (N.D. Cal. stipulated dismissal Dec. 9, 2025); *In re Summons Nos. HSI-PH-2025-082814-001 & HSI-PH-2025-082819-001: Doe v. U.S. Dep't of Homeland Sec.*, No. 3:25-mc-80325-PHK (N.D. Cal. stipulated dismissal Jan. 28, 2026).

[7] *See* Sheera Frenkel & Mike Isaac, *Homeland Security Wants Social Media Sites To Expose Anti-ICE Accounts*, N.Y. Times (Feb. 13, 2026), https://www.nytimes.com/2026/02/13/technology/dhs-anti-icesocial-media.html (noting that social media companies have received hundreds of summonses like the one at issue here but noting only few that resulted in litigation).

actions in issuing the Summons. *See* Compl. ¶¶ 55-60. Mr. Doe's identity is orthogonal to these issues.

As for the public, protecting Mr. Doe's anonymity serves, rather than harms, its interests. For the reasons discussed in the prior paragraph, Mr. Doe's name is "irrelevant to the public's understanding of this case." *In re Meta Pixel Healthcare Litig.*, No. 22-CV-03580-WHO, 2025 WL 807954, at *2 (N.D. Cal. Mar. 12, 2025); *see also Advanced Textile Corp.*, 214 F.3d at 1072 n.15 ("[T]he question whether there is a constitutional right to abortion is of immense public interest, but the public did not suffer by not knowing the plaintiff's true name in *Roe v. Wade*."). But, if plaintiffs in Mr. Doe's position are forced to litigate under their own names, there is a serious risk that they will be deterred from challenging administrative summonses in the future for all the reasons discussed in Part I. That result would harm the public's interest in seeing the Court resolve cases brought to hold the government accountable for misconduct. *Advanced Textile Corp.*, 214 F.3d at 1072 (recognizing a public interest in anonymity where it encourages parties to "enforce their statutory rights [which] benefit the general public"); *In re Meta Pixel Healthcare Litig*, 2025 WL 807954 at *2 (observing that "the public interest . . . weighs strongly in favor" of allowing anonymity for plaintiffs seeking to vindicate privacy rights).

## CONCLUSION

Requiring Mr. Doe to proceed in his own name would cause him to suffer the injury he brings this case to prevent while also exposing him to a risk of severe retaliation. Each of these interests outweighs the low risk of anonymity prejudicing the defense. Moreover, safeguarding Mr. Doe's anonymity makes it more likely that others will come forward to vindicate the public's interest in challenging government misconduct. For these reasons, Mr. Doe's need to proceed pseudonymously outweighs the prejudice of allowing him to do so. Accordingly, this motion should be granted.

Dated: May 4, 2026

Respectfully submitted,

*/s/ Jacob A. Snow*
Jacob A. Snow (CA Bar No. 270988)
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
OF NORTHERN CALIFORNIA

Michael Perloff (D.C. Bar No. 1601047)
Laura K. Follansbee (D.C. Bar No. 1782046)
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
OF THE DISTRICT OF COLUMBIA

*Attorneys for Plaintiff*