Michael Perloff (D.C. Bar No. 1601047) (*pro hac vice* to be filed)
mperloff@acludc.org
Laura K. Follansbee (D.C. Bar No. 1782046) (*pro hac vice* to be filed)
lfollansbee@acludc.org
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF THE DISTRICT OF COLUMBIA
529 14th St NW, Ste 722
Washington, DC 20045
Telephone: (202) 457-0800

Jacob A. Snow (CA Bar No. 270988)
jsnow@aclunc.org
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN CALIFORNIA
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 621-2493

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE, | Case No. 3:26-cv-03988 |
| Plaintiff, | **ADMINISTRATIVE MOTION FOR LEAVE TO FILE UNDER SEAL** |
| v. | |
| MARKWAYNE MULLIN, *in his official capacity as Secretary of the Department of Homeland Security* | |
| Defendant. | |

**INTRODUCTION**

Pursuant to Civil Local Rules 7-11 and 79-5, Plaintiff John Doe moves to file under seal an unredacted version of the administrative summons ("Summons") that the Department of Homeland Security ("DHS") served on Google LLC ("Google") seeking wide swaths of information linked to Mr. Doe's Google account. Mr. Doe filed a redacted version of the Summons publicly as an exhibit to his Complaint and seeks only to file two pieces of information in the Summons under seal: his email address and the summons number.[1] Given that Mr. Doe has instituted this suit for the very purpose of protecting his privacy, he respectfully requests that this Court maintain this information under seal.

**LEGAL STANDARD & ARGUMENT**

The public enjoys a "general right to inspect and copy public records and documents, including judicial records and documents," but this right is not absolute. *A.B. v. Pac. Fertility Ctr.*, 441 F. Supp. 3d 902, 906 (N.D. Cal. 2020) (quoting *Nixon v. Warner Comm'ns, Inc.*, 435 U.S. 589, 597 (1978)). If a party demonstrates that "compelling reasons" outweigh the presumption of public access, the Court may allow the party to file information under seal. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006).

Mr. Doe, an active social media user, posts under a pseudonym, as he is aware of the risks that voicing criticisms of the government online may have. Mr. Doe's right to privacy and anonymity in the wake of the federal government's attempt to unmask him and access troves of information stored by Google about him is at the heart of this case. As a result, Mr. Doe is moving under separate cover to proceed pseudonymously throughout the litigation.

Mr. Doe faces a serious risk of harassment if his email becomes public. The government's conduct in this case—using summonses to unmask its critics on social media—has received national press coverage, *see, e.g.*, John Woodrow Cox, *Homeland Security Is Targeting Americans with This Secretive Legal Weapon*, Wa. Po. (Feb. 3, 2026) (covering similar summons issued against another critic),[2] and so

---

[1] Mr. Doe's sole copy of the Summons came from Google, which redacted identifying information about the DHS officers involved. Perloff Decl. ¶ 3. Because Mr. Doe has no copy of the Summons without those redactions, they appear in the copy of the Summons that he seeks to file under seal.

[2] https://www.washingtonpost.com/investigations/2026/02/03/homeland-securityadministrative-subpoena/

ADMINISTRATIVE MOTION FOR        1        Case No. 3:26-cv-03988
LEAVE TO FILE UNDER SEAL

this case may attract significant public attention. Individuals who disagree with Mr. Doe's decision to bring this case could use Mr. Doe's email to send him harassing messages or attempt to learn other facts about him and disclose them. Indeed, "the heated political climate surrounding immigration issues" makes it "reasonable" for Mr. Doe to fear retaliation in cases like this one, which centers on a summons DHS issued against a critic of its immigration enforcement tactics. *Pacito v. Trump*, 768 F. Supp. 3d 1199, 1216 n.3 (W.D. Wash. 2025) *aff'd in part, rev'd on other grounds* 169 F.4th 895 (9th Cir. 2026).

Mr. Doe's narrow sealing request would protect him from these harms. Safeguarding Mr. Doe's email address would prevent hostile actors from obtaining means to contact him. Likewise, shielding the summons number would prevent individuals from procuring a copy of the Summons with Mr. Doe's email unredacted, whether through a Freedom of Information Act request or other means.

Courts in this Circuit have often concluded that the risks engendered by "disclosing sensitive personal information," including email addresses, "may outweigh the public's interest in accessing records containing such information." *Cancino Castellar v. Mayorkas*, No. 17-CV-00491-BAS-AHG, 2021 WL 3678440, at *3 (S.D. Cal. Aug. 19, 2021) (finding compelling reasons to seal plaintiffs' email addresses); *Hernandez v. Cnty. of Monterey*, No. 13-CV-02354-BLF, 2023 WL 4688522, at *4 (N.D. Cal. July 21, 2023) (finding compelling reasons to seal email addresses and noting that "[n]umerous courts have found that individual privacy rights in personal identifying information . . . outweigh the presumption in favor of public access to court records"); *Jones v. PGA Tour, Inc.*, No. 22-CV-04486-BLF, 2023 WL 6545413, at *3 (N.D. Cal. Oct. 5, 2023) (sealing email addresses). This is because "[i]n such cases, redacting the personal identifying information at issue may sufficiently protect the privacy interests and also preserve public access to the case record." *Cancino Castellar*, 2021 WL 3678440, at *3.

Here, Mr. Doe has tailored the material he wishes to seal as narrowly as possible, protecting only the summons number and the personally identifying portion of his email address to the left of the "@" symbol. There is no need for this information to appear publicly on the docket as it is immaterial to the public's understanding of the case.

ADMINISTRATIVE MOTION FOR
LEAVE TO FILE UNDER SEAL
2
Case No. 3:26-cv-03988

**CONCLUSION**

Because of the risks always inherent in publishing personally identifying information like email addresses, and the heightened risk of harassment due to the nature of this litigation, this Court should permit Mr. Doe to file the attached copy of the Summons under seal.

Dated: May 4, 2026

Respectfully submitted,

*/s/ Jacob A. Snow*
Jacob A. Snow (CA Bar No. 270988)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN CALIFORNIA

Michael Perloff (D.C. Bar No. 1601047)
Laura K. Follansbee (D.C. Bar No. 1782046)
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
OF THE DISTRICT OF COLUMBIA

*Attorneys for Plaintiff*