Michael Perloff (D.C. Bar No. 1601047) (*pro hac vice*)
mperloff@acludc.org
Laura K. Follansbee (D.C. Bar No. 1782046) (*pro hac vice*)
lfollansbee@acludc.org
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF THE DISTRICT OF COLUMBIA
529 14th St NW, Ste 722
Washington, DC 20045
Telephone: (202) 457-0800

Jacob A. Snow (CA Bar No. 270988)
jsnow@aclunc.org
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN CALIFORNIA
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 621-2493

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHN DOE,<br><br>Plaintiff,<br><br>v.<br><br>MARKWAYNE MULLIN, *in his official capacity as Secretary of the Department of Homeland Security*<br><br>Defendant. | Case No. 5:26-cv-03988<br><br>**MOTION TO EXTEND THE DEADLINE TO SERVE PROCESS AND RELATED DEADLINES** |

Pursuant to Federal Rules of Civil Procedure 4(m) and 6(b) and Civil L.R. 6-3, Plaintiff John Doe moves to extend the deadline to serve the summons and Complaint as well as related deadlines. Rule 4(m) generally requires parties to serve process no later than 90 days after the Complaint was filed but provides that "if the plaintiff shows good cause for the failure [to serve by the deadline], the court must extend time for service for an appropriate period." Rule 6(b) likewise permits the Court to extend any deadline on a showing of good cause. Here, because Plaintiff filed the Complaint on May 4, 2026, the deadline to serve process is August 3. Plaintiff respectfully asks the Court to extend that deadline by 60 days and adjust the other pending deadlines accordingly. Defendant, having not been served, declined to stipulate to this request to modify the case deadlines, but does not oppose this motion. Declaration of Michael Perloff in Support of Motion to Extend Deadline to Serve Process ("Perloff Decl."), ¶ 13.

Good cause exists here because two prerequisites to service have not occurred. First, the summonses have not issued. And second, Plaintiff's motion to seal portions of the exhibit to his Complaint remains pending.[1] Until that motion is resolved, Plaintiff cannot serve the exhibit—which, as an attachment to the Complaint, is "part of" it, Fed. R. Civ. P. 10(c), and therefore must be served with it, *see* Fed. R. Civ. P. 4(c)(1)—because Plaintiff cannot instruct Defendant on the proper way to handle that document, i.e., whether to treat it as sealed or not. Plaintiff has conferred with Defendant's attorney, who stated that he will oppose the sealing motion. Perloff Decl. ¶ 12. The proposed extension will allow the Court to adjudicate the motion after considering the Parties' views. It also will provide the Parties additional time to complete ongoing negotiations about privacy protections for Plaintiff which may affect their dispute on the motion to seal.

Plaintiff further proposes that the other deadlines currently set by the Court, including the Case Management Conference and related deadlines, should be extended commensurately with the deadline for service of process. On May 5, 2026, the Court issued an Initial Case Management Scheduling Order setting deadlines for Case Management Events, including a deadlines to: (1) file Alternative Dispute Resolution Certifications; (2) meet and confer pursuant to Federal Rule of Civil Procedure 26(f); and (3) make initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1). Dkt. No. 7. That Initial

---

[1] Plaintiff filed that motion before the case was reassigned and plans to promptly renew the motion to make minor formatting changes needed to conform to the Court's standing order.

Case Management Scheduling Order also stated that "If the date of the initial case management conference is changed, all the above deadlines are adjusted accordingly unless otherwise ordered." *Id.* Good cause exists to revise those deadlines to accommodate for the fact that Defendant has not yet been served.

For that reason, Plaintiff proposes the following revised schedule:

| Case Management Event | Proposed Deadline |
| --- | --- |
| Deadline for Plaintiff to serve Defendant with the summons and complaint | October 2, 2026 |
| Deadline to file ADR Certification. (See ADR L.R. 3) | October 6, 2026<br><br>*Two weeks before Case Management Conference* |
| Deadline to meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan. (See F.R. Civ. P. 26(f)) | October 6, 2026<br><br>*Two weeks before Case Management Conference* |
| Deadline to make initial disclosures. (See F.R. Civ. P. 26(a)(1)) | October 13, 2026<br><br>*One week before Case Management Conference* |
| Deadline to file Joint Case Management Statement. (See Standing Order for All Judges of the Northern District of California) | October 2, 2026<br><br>*18 days before Case Management Conference* |
| Initial Case Management Conference | October 20, 2026 |

For the reasons stated, good cause supports this motion and it should be granted.

Dated: July 29, 2026                          Respectfully submitted,

                                                      */s/ Jacob A. Snow*
                                                      Jacob A. Snow (CA Bar No. 270988)

MOTION TO EXTEND THE
DEADLINE TO SERVE PROCESS                     3                     Case No. 5:26-cv-03988

AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN CALIFORNIA

Michael Perloff (D.C. Bar No. 1601047) (*pro hac vice*)
Laura K. Follansbee (D.C. Bar No. 1782046) (*pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
OF THE DISTRICT OF COLUMBIA

*Attorneys for Plaintiff*