Michael Perloff (D.C. Bar No. 1601047) (*pro hac vice*)
mperloff@acludc.org
Laura K. Follansbee (D.C. Bar No. 1782046) (*pro hac vice*)
lfollansbee@acludc.org
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF THE DISTRICT OF COLUMBIA
529 14th St NW, Ste 722
Washington, DC 20045
Telephone: (202) 457-0800

Jacob A. Snow (CA Bar No. 270988)
jsnow@aclunc.org
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN CALIFORNIA
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 621-2493

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE, | Case No. 5:26-cv-03988 |
| Plaintiff, | **DECLARATION OF MICHAEL PERLOFF** |
| v. | |
| MARKWAYNE MULLIN, *in his official capacity as Secretary of the Department of Homeland Security* | |
| Defendant. | |

PERLOFF DECLARATION    1    Case No. 5:26-cv-03988

I, Michael Perloff, declare as follows:

1.     I am a member in good standing of the D.C. Bar and a Senior Staff Attorney at the American Civil Liberties Union Foundation of the District of Columbia. I am one of the attorneys for Plaintiff in the above-captioned matter. I submit this declaration in support of Plaintiff's Motion To Extend the Deadline To Serve Process and Related Deadlines.

2.     Except where otherwise stated, the matters described in this declaration are true and of my own knowledge.

3.     Plaintiff filed this case on May 4, 2026. Dkt. No. 1. Concurrently with the filing of the Complaint, Plaintiff filed a motion to proceed pseudonymously and an administrative motion to file certain aspects of an exhibit to the Complaint under seal. Dkt. Nos. 2, 3.

4.     Also on May 4, 2026, Plaintiff filed a proposed summons. Dkt. No. 5. On May 5, 2026, the Court entered a remark stating that the proposed summons "will not be issued until the motion to proceed pseudonymously . . . is Ordered on."

5.     On July 24, 2026, the court issued an order provisionally granting Plaintiff's administrative motion to proceed under a pseudonym.

6.     As of the date of this declaration, the Court has not yet issued the summonses necessary to serve Defendant.

7.     On May 5, 2026, the Court issued an Initial Case Management Scheduling Order setting deadlines for Case Management Events, including a deadline to file an Alternative Dispute Resolution Certification, a deadline to meet and confer pursuant to Federal Rule of Civil Procedure 26(f), and a deadline to make initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1). Dkt. No. 7. That Initial Case Management Scheduling Order also stated that "[i]f the date of the initial case management conference is changed, all the above deadlines are adjusted accordingly unless otherwise ordered." *Id.*

8.     On July 15, the Court entered an order setting an Initial Case Management conference for August 25, 2025. Dkt. No. 12. That order also required the parties to file a Case Management Statement by August 7, 2026.

9.     Other than the order changing the date for the Initial Case Management Conference and other case management deadlines, no other time modifications have been made in this case.

10.     The time modifications requested by Plaintiff would change the deadline for service and the date for the Initial Case Management Conference and related deadlines but would not otherwise modify the schedule of the case.

11.     The Parties have discussed a potential protective order in this matter covering information contained in the exhibit to the Complaint, Dkt. No. 1-1, that Plaintiff redacted from what he filed publicly. The Parties negotiations on this potential order remain ongoing, though they expect to complete them promptly.

12.     On July 27, 2026, I met and conferred with counsel for Defendant regarding the pending motion to seal. On July 28, 2026, counsel for Defendant informed me that Defendant would oppose the motion to seal.

13.     On July 29, I reached out to counsel for Defendant to request that the parties submit a stipulation to extend the deadlines as requested in the motion filed concurrently with this declaration. Counsel for Defendant stated that Defendant "would not oppose your application for an extension of time on the noted deadlines" and stated that "as [Defendant has] not been served and are not yet a party to this case, we will not sign a stipulation to that effect."


I declare under penalty of perjury that the above is true and correct.

Executed this 29th day of July 2026.


Dated: July 29, 2026                                        By:        */s/ Michael Perloff*
                                                                              Michael Perloff
                                                                              *Counsel for Plaintiff*


PERLOFF DECLARATION                          3                          Case No. 5:26-cv-03988