Michael Perloff (D.C. Bar No. 1601047) (appearance *pro hac vice*)
mperloff@acludc.org
Laura K. Follansbee (D.C. Bar No. 1782046) (appearance *pro hac vice*)
lfollansbee@acludc.org
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF THE DISTRICT OF COLUMBIA
529 14th St NW, Ste 722
Washington, DC 20045
Telephone: (202) 457-0800

Jacob A. Snow (CA Bar No. 270988)
jsnow@aclunc.org
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN CALIFORNIA
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 621-2493

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| JOHN DOE,<br><br>       Plaintiff,<br><br>       v.<br><br>MARKWAYNE MULLIN, *in his official capacity as Secretary of the United States Department of Homeland Security*<br><br>       Defendant. | Case No. 5:26-cv-03988-NW<br><br>**PLAINTIFF'S CASE MANAGEMENT STATEMENT**<br><br>Initial Case Management Conference<br>Date: August 25, 2026<br>Time: 9:00 A.M.<br>Judge: Hon. Noël Wise |

Plaintiff submits this Case Management Statement pursuant to Civil Local Rule 16-9, the Standing Order for All Judges of the Northern District of California, the Standing Order for all Civil Cases Before District Judge Noël Wise, and the Court's order dated July 15, 2026. Plaintiff submits this Case Management Statement unilaterally, as he has not served the Complaint on Defendant for the reasons explained under separate cover in the Motion to Extend the Deadline to Serve Process and Related Deadlines. Dkt. No. 16.

## I.    JURISDICTION AND SERVICE

Plaintiff brought this action under 19 U.S.C. § 1509 and 28 U.S.C. § 1331. Dkt. No. 1 ("Complaint") ¶¶ 5, 6.

## II.    FACTS

Plaintiff John Doe ("Plaintiff" or "Mr. Doe") uses Google's Gmail service for his email. Complaint ¶ 11. One such Gmail account is linked to his account with X. *Id.* Mr. Doe is an avid social media user and posts frequently on X. Complaint ¶ 12. His X posts include political content critical of President Trump and his administration, including the Department of Homeland Security ("DHS") and its employees. Complaint ¶ 13. Mr. Doe frequently tags high ranking U.S. government officials in his posts and comments on posts by those officials, allowing those officials to receive notifications of Mr. Doe's comments. Complaint ¶ 15. And Mr. Doe's posts often receive thousands of views; his posts have collectively received over 100,000 views. Complaint ¶ 16.

On February 4, 2026, the Department of Homeland Security ("DHS") issued an administrative summons (the "Summons") to Google seeking the disclosure of Mr. Doe's personal information, including his name, home address, websites he visits, and people he communicates with online. Complaint ¶¶ 18–29. DHS issued this Summons under the purported authority of 19 U.S.C. § 1509, which concerns the government's ability to enforce customs laws and authorizes DHS to issue summonses to investigate violations of a limited set of statutes. Complaint ¶ 31. The Summons does not articulate any nexus between the information it requests and the investigations that Section 1509 permits DHS to conduct. Complaint ¶ 33.

On May 4, 2026, Plaintiff John Doe filed a Complaint seeking injunctive and declarative relief seeking relief from the Summons.

Plaintiff now submits this case management statement pursuant to the Court's order dated July 15, 2026 (Dkt. No. 12) and Local Rule 16-2(e).

## III.    LEGAL ISSUES

Plaintiff identifies the following as principle disputed legal issues. Plaintiff will meet and confer with Defendant regarding disputed issues

- The propriety of the Summons issued relying on Defendant's authority under 19 U.S.C. § 1509.

- The enforceability of the Summons as to its requests for documents which exceed the scope of what Defendant may demand or obtain under 19 U.S.C. § 1509.

- The legality of Defendant's use of similar summonses or subpoenas to solicit Mr. Doe's personal information outside the scope of their authority.

- Whether the Summons should be quashed, vacated, and nullified.

- Whether Defendants and their agents should be enjoined from enforcing the Summons and/or similar summonses or subpoenas.

- Whether a declaratory judgment should issue that Google has no obligation to comply with the Summons and/or similar summonses or subpoenas.

- Whether Plaintiff is entitled to an award of fees and costs pursuant to 28 U.S.C. § 2412, the Equal Access to Justice Act and Rule 45(d)(1) of the Federal Rules of Civil Procedure.

## IV.    MOTIONS

On May 4, 2026, Plaintiff filed a Motion to Proceed Pseudonymously, Dkt. No. 2, and an Administrative Motion for Leave to File Under Seal an unredacted copy of the Summons at issue, Dkt. No. 3, which he renewed to include additional information required by the Court's Civil Standing Order on August 6, 2025, Dkt. No. 18. On July 24, 2026, the Court provisionally granted the Motion to Proceed Pseudonymously. Dkt. No. 15. On July 29, 2026, Plaintiff filed a motion to extend the time to serve the complaint and to extend related court deadlines, which Defendant did not oppose.

On August 6, 2026, Plaintiff filed a Renewed Administrative Motion for Leave to File Under Seal, revising the motion filed on May 4, 2026 to comply with Section J of the Standing Order for all Civil Cases Before District Judge Noël Wise.

Plaintiff anticipates that he may need to file a motion for a protective order and that additional motions may be necessary during discovery.

## V.   AMENDMENT OF PLEADINGS

Plaintiff filed the Complaint on May 4, 2026. If Defendant files a motion to dismiss, Plaintiff may seek leave to amend his complaint. Plaintiff may also seek leave to amend his complaint if new facts relating to the existing causes of action become known. Any such request for leave to amend would be in accordance with Federal Rule of Civil Procedure 15 and the Court's Initial Case Management Scheduling Order for All Cases. Dkt. No. 12.

## VI.   EVIDENCE PRESERVATION

Plaintiff acknowledges his duty to preserve relevant materials in accordance with applicable rules and case law.

## VII.   DISCLOSURES

Plaintiff will confer with Defendant regarding making disclosures as required by Federal Rule of Civil Procedure 26(a)(1)(A).

## VIII.   DISCOVERY

Plaintiff anticipates that discovery (through document requests, interrogatories, depositions, and requests for admission) may be necessary on the issues set forth in the Complaint and Section III of this Case Management Statement. Plaintiff intends to meet and confer with Defendant regarding the scope of discovery once service is complete.

## IX.   CLASS ACTIONS

This is not a class action.

## X.   RELATED CASES

Plaintiff notes for the Court's convenience that there have been a number of cases filed in the Northern District of California to quash administrative subpoenas issued by the United States

Department of Homeland Security.[1] However, those cases were brought by different plaintiffs or movants and address different subpoenas; accordingly, Plaintiff does not regard them as related under Local Rule 3-12(a).

**XI.   RELIEF**

Plaintiff seeks the relief set forth in their Prayer for Relief. *See* Complaint at 9.

**XII.   SETTLEMENT AND ADR**

Plaintiff intends to meet and confer with Defendant regarding possible settlement and Alternative Dispute Resolution once service is complete.

**XIII.   OTHER REFERENCES**

Plaintiff does not consider this case suitable for reference to binding arbitration or a special master, or reference to the Judicial Panel on Multidistrict Litigation. Plaintiff did not consent to the jurisdiction of the magistrate judge and filed a form declining that jurisdiction on May 19, 2026.

**XIV.   NARROWING OF ISSUES**

Plaintiff intends to meet and confer with Defendant regarding possible narrowing of issues once service is complete.

**XV.   SCHEDULING**

Plaintiff intends to meet and confer with Defendant regarding the trial and case schedule once service is complete. Plaintiff nevertheless proposes the following case schedule, which does not deviate from the schedule set forth in Section F of the Standing Order for all Civil Cases Before District Judge Noël Wise:

| Case Stage | Deadline |
| --- | --- |
| Close of Fact Discovery | 241 days before trial |
| Deadline to Complete ADR:<br>[ ] Court-sponsored mediation<br>[ ] Court-sponsored ENE | Approximately 220 days before trial |

[1] *See, e.g.*, *J. Doe v. United States Department of Homeland Security*, 3:25-mc-80286, (N.D. Cal.); *In the Matter of the Subpoena Number FY25-ELC-0105*, 3:25-mc-80284, (N.D. Cal.); *J. Doe v. United States Department of Homeland Security*, 3:25-mc-80325, (N.D. Cal.); *Doe v. United States Department of Homeland Security*, 5:26-mc-80026, (N.D. Cal.); *J. Doe v. The United States Department of Homeland Security*, 3:26-mc-80074, (N.D. Cal.).

| [ ] Mag. Judge Settlement Conf. [ ] Private mediation [ ] Private arbitration [ ] Other: | |
|---|---|
| Opening Expert Reports | 213 days before trial |
| Rebuttal Expert Reports | 185 days before trial |
| Close of Expert Discovery | 164 days before trial |
| Deadline to File Dispositive/*Daubert* Motions | 143 days before trial |
| Hearing on Dispositive/*Daubert* Motions and Trial Readiness Conference | 89 days before trial |
| Joint Pretrial Conference Statement | 22 days before trial |
| Pretrial Conference | 19 days before trial |
| Trial | Within 12 to 20 months of the initial case management conference |

## XVI.   TRIAL

Plaintiff will confer with Defendant regarding trial once service is complete.

## XVII.  DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSON

As set forth in Plaintiff's Civil Local Rule 3-15 statement filed on August 7, 2026, counsel for Plaintiff certify that other than the named parties, there is no such interest to report.

## XVIII. PROFESSIONAL CONDUCT

The attorneys of record for Plaintiff has reviewed the Guidelines for Professional Conduct for the Northern District of California.

## XIX.   OTHER MATTERS

Plaintiff submits this case management statement pursuant to Local Rule 16-2(e).

Dated: August 7, 2026                    */s/ Jacob A. Snow*
                                         Jacob A. Snow (CA Bar No. 270988)
                                         AMERICAN CIVIL LIBERTIES UNION FOUNDATION
                                         OF NORTHERN CALIFORNIA

Michael Perloff (D.C. Bar No. 1601047) (appearance *pro hac vice*)
Laura K. Follansbee (D.C. Bar No. 1782046) (appearance *pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF THE DISTRICT OF COLUMBIA

*Attorneys for Plaintiff*