Michael Perloff (D.C. Bar No. 1601047) (*pro hac vice*)
mperloff@acludc.org
Laura K. Follansbee (D.C. Bar No. 1782046) (*pro hac vice*)
lfollansbee@acludc.org
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF THE DISTRICT OF COLUMBIA
529 14th St NW, Ste 420
Washington, DC 20045
Telephone: (202) 457-0800

Jacob A. Snow (CA Bar No. 270988)
jsnow@aclunc.org
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN CALIFORNIA
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 621-2493

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE,<br><br>Plaintiff,<br><br>v.<br><br>MARKWAYNE MULLIN, *in his official capacity as Secretary of the Department of Homeland Security*<br><br>Defendant. | Case No. 5:26-cv-03988-NW<br><br>**SECOND RENEWED ADMINISTRATIVE MOTION FOR LEAVE TO FILE UNDER SEAL** |

## INTRODUCTION

Pursuant to Civil Local Rules 7-11 and 79-5, and this Court's Standing Order, Plaintiff John Doe renews his motion to file under seal an unredacted version of the administrative summons ("Summons") that the Department of Homeland Security ("DHS") served on Google LLC ("Google") seeking wide swaths of information linked to Mr. Doe's Google account. Mr. Doe filed a motion for leave to file these same materials under seal concurrently with the complaint, Dkt. No. 3, and renewed that motion on August 6, 2026, Dkt. No. 18.

Mr. Doe filed a redacted version of the Summons publicly as an exhibit to his Complaint and seeks only to file two pieces of information in the Summons under seal: his email address and the summons number. In response to this Court's Order denying without prejudice his earlier motions to seal, Dkt. No. 21, Mr. Doe renews his motion again to clarify that Exhibit A to Plaintiff's motion is, on the basis of Mr. Doe's representations to his counsel, a copy of the summons at issue in this case in the form in which it was received by Mr. Doe from Google. Second Perloff Decl. ¶ 3. All redactions that appear in this copy of the Summons were present in the copy received by Mr. Doe and he has no copy of the Summons without these redactions. *Id.* Mr. Doe's email address and the summons number are unredacted. *Id.* Given that Mr. Doe has instituted this suit for the very purpose of protecting his privacy, he respectfully requests that this Court maintain this information under seal.

## LEGAL STANDARD & ARGUMENT

The public enjoys a "general right to inspect and copy public records and documents, including judicial records and documents," but this right is not absolute. *A.B. v. Pac. Fertility Ctr.*, 441 F. Supp. 3d 902, 906 (N.D. Cal. 2020) (quoting *Nixon v. Warner Comm'ns, Inc.*, 435 U.S. 589, 597 (1978)). If a party demonstrates that "compelling reasons" outweigh the presumption of public access, the Court may allow the party to file information under seal. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006).

Mr. Doe, an active social media user, posts under a pseudonym, as he is aware of the risks that voicing criticisms of the government online may have. Mr. Doe's right to privacy and anonymity in the wake of the federal government's attempt to unmask him and access troves of information stored by

SECOND RENEWED ADMINISTRATIVE MOTION                                         Case No 5:26-cv-03988-NW
FOR LEAVE TO FILE UNDER SEAL

Google about him is at the heart of this case. As a result, Mr. Doe is moving under separate cover to proceed pseudonymously throughout the litigation.

Mr. Doe faces a serious risk of harassment if his email becomes public. The government's conduct in this case—using summonses to unmask its critics on social media—has received national press coverage, *see, e.g.*, John Woodrow Cox, *Homeland Security Is Targeting Americans with This Secretive Legal Weapon*, Wa. Po. (Feb. 3, 2026) (covering similar summons issued against another critic),[1] and so this case may attract significant public attention. Individuals who disagree with Mr. Doe's decision to bring this case could use Mr. Doe's email to send him harassing messages or attempt to learn other facts about him and disclose them. Indeed, "the heated political climate surrounding immigration issues" makes it "reasonable" for Mr. Doe to fear retaliation in cases like this one, which centers on a summons DHS issued against a critic of its immigration enforcement tactics. *Pacito v. Trump*, 768 F. Supp. 3d 1199, 1216 n.3 (W.D. Wash. 2025) *aff'd in part, rev'd on other grounds* 169 F.4th 895 (9th Cir. 2026).

Mr. Doe's narrow sealing request would protect him from these harms. Safeguarding Mr. Doe's email address would prevent hostile actors from obtaining means to contact him. Likewise, shielding the summons number would prevent individuals from procuring a copy of the Summons with Mr. Doe's email unredacted, whether through a Freedom of Information Act request or other means.

Courts in this Circuit have often concluded that the risks engendered by "disclosing sensitive personal information," including email addresses, "may outweigh the public's interest in accessing records containing such information." *Cancino Castellar v. Mayorkas*, No. 17-CV-00491-BAS-AHG, 2021 WL 3678440, at *3 (S.D. Cal. Aug. 19, 2021) (finding compelling reasons to seal plaintiffs' email addresses); *Hernandez v. Cnty. of Monterey*, No. 13-CV-02354-BLF, 2023 WL 4688522, at *4 (N.D. Cal. July 21, 2023) (finding compelling reasons to seal email addresses and noting that "[n]umerous courts have found that individual privacy rights in personal identifying information . . . outweigh the presumption in favor of public access to court records"); *Jones v. PGA Tour, Inc.*, No. 22-CV-04486-BLF, 2023 WL 6545413, at *3 (N.D. Cal. Oct. 5, 2023) (sealing email addresses). This is because "[i]n

---

[1] https://www.washingtonpost.com/investigations/2026/02/03/homeland-securityadministrative-subpoena/

SECOND RENEWED ADMINISTRATIVE MOTION                                           Case No 5:26-cv-03988-NW
FOR LEAVE TO FILE UNDER SEAL

such cases, redacting the personal identifying information at issue may sufficiently protect the privacy interests and also preserve public access to the case record." *Cancino Castellar*, 2021 WL 3678440, at *3.

Here, Mr. Doe has tailored the material he wishes to seal as narrowly as possible, protecting only the summons number and the personally identifying portion of his email address to the left of the "@" symbol. The chart below reflects the two portions of ECF No. 1-1 that Mr. Doe seeks to seal and the grounds for sealing each. There is no need for this information to appear publicly on the docket as it is immaterial to the public's understanding of the case.

| ECF No. | Document Title | Portion to be Sealed | Basis for Sealing |
| --- | --- | --- | --- |
| 1-1 | Department of Homeland Security Summons to Appear and/or Produce Records 19 U.S.C. § 1509. | Portion of the email address appearing on p. 2 to the left of the "@" symbol | Privacy |
| 1-1 | Department of Homeland Security Summons to Appear and/or Produce Records 19 U.S.C. § 1509. | Summons number on pp. 1 and 2 | Privacy |

**CONCLUSION**

Because of the risks always inherent in publishing personally identifying information like email addresses, and the heightened risk of harassment due to the nature of this litigation, this Court should permit Mr. Doe to file the attached copy of the Summons under seal.

Dated: August 13, 2026                    Respectfully submitted,

*/s/ Laura K. Follansbee*
Laura K. Follansbee (D.C. Bar No. 1782046)
Michael Perloff (D.C. Bar No. 1601047)
AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF THE DISTRICT OF COLUMBIA

Jacob A. Snow (CA Bar No. 270988)
AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF NORTHERN CALIFORNIA

*Attorneys for Plaintiff*