CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

PAMELA T. JOHANN (CABN 145558)
Chief, Civil Division

KENNETH J. KAO (CABN 194912)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7320
FAX: (415) 436-6748
kenneth.kao@usdoj.gov

Attorneys for the United States

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOHN DOE,<br><br>Plaintiff,<br><br>v.<br><br>MARKWAYNE MULLIN, *in his official capacity as Secretary of the United States Department of Homeland Security*<br>Defendant. | CASE NO. 5:26-cv-03988-NW<br><br>**UNITED STATES' OBJECTION TO MOTION TO PROCEED PSEUDONYMOUSLY**<br><br>The Honorable Noel Wise<br>United States District Judge |

Pursuant to the Court's order (ECF No. 15), the United States submits this response to Plaintiff John Doe's Motion to Proceed Pseudonymously (ECF No. 2). In doing so, the United States does not waive its right to formal service under Rule 4(i) of the Federal Rules of Civil Procedure.

"In this circuit, we start with a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). That presumption extends to the identities of parties to a lawsuit, as "'[i]dentifying the parties to the proceeding is an important dimension of publicness. The people have a right to know who is using their courts.'" *United States v. Air Indus. Corp.*, No. 8:12-cv-02188-JVS-RNB, 2016 WL 11515131, at *2 (C.D. Cal. Oct. 24, 2016) (qui tam case) (quoting *United States v. Stoterau*, 524 F.3d 988, 1013 (9th Cir. 2008)). An action must be prosecuted in the name of the real party in interest. Fed. R. Civ. P. 17(a).

Plaintiff's Motion is confounding because there are three (not just two) potential names to be used in this suit: (1) Plaintiff's "true name," i.e., the actual name of the individual behind this suit; (2) Plaintiff's pseudonymous username he uses over social media (ECF No. 2 at 1; No. 2-1 at ¶¶ 2-5) and the subject of Plaintiff's Second Renewed Administrative Motion for Leave to File Under Seal (ECF No. 24); and (3) John Doe. While there may be a legal basis for withholding Plaintiff's true name,[1] no such privacy grounds exist for a pseudonymous username that is in no way self-identifying. Thus, to the extent Plaintiff's Motion seeks to use John Doe instead of the pseudonymous username, the United States objects on three grounds. First, the pseudonymous username is not self-identifying as to the individual user and is instead, itself, a pseudonym. Second, there is no legitimate privacy interest in a pseudonymous username that is already being used in a public forum. Third, without disclosing either Plaintiff's pseudonymous username or the subpoena number, the United States cannot verify which component of the Department of Homeland Security (DHS) issued the subpoena, let alone properly defend itself.

[1] As the subpoena sought information on the individual user of the Gmail account, including the account holder's actual name, Plaintiff is attempting to sue the government without anyone ever knowing his true identity. An *in camera* review of Plaintiff's unredacted filings under seal would only disclose the pseudonym and DHS-issued subpoena number. Incredibly, the only ones who will ever know Plaintiff's true identity are his counsel – not the public, not the U.S. Attorney, not even the Court.

<u>The Pseudonymous Username Is Not Self-Identifying as to the Individual User. Thus, No Personal Privacy Interest Is Invoked.</u>

Insofar as Plaintiff seeks to proceed as "John Doe" and not as the pseudonymous username, Plaintiff is asking for an additional buffer between the named plaintiff "John Doe" and Plaintiff as the actual individual. Plaintiff's counsel has represented that the redacted Gmail address attached to the Complaint (ECF No. 1-1) is not self-identifying like mperloff@acludc.org or kenneth.kao@usdoj.gov; instead, the pseudonymous username/email bears no identifying tell whatsoever to the real person using the account – instead, it is something like DHScritic@gmail.com or bluehorseshoe@gmail.com.

As one might expect, the cases discussing the use of pseudonyms in lieu of true names focus on a party's need for anonymity versus prejudice to the opposing party and the public interest. Plaintiff cites to several of these cases in the Motion – *see* ECF No. 2 at 1-5, *citing*, *e.g.*, *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058 (9th Cir. 2000); *Doe v. UNUM Life Ins. Co. of Am.*, 164 F. Supp. 3d 1140 (N.D. Cal. 2016). But those cases consider the privacy of <u>individuals</u> and their <u>true identities</u> wanting to hide behind a pseudonym, and not, as here, the privacy of pseudonyms wanting to hide behind another pseudonym. The use of Plaintiff's pseudonym would reveal nothing about the individual behind it, and as such, no privacy interest would be at risk to Plaintiff whatsoever.

<u>There Is No Personal Privacy Interest in a Pseudonymous Email Address That Is Already Used to Espouse Views on a Public Forum.</u>

On the one hand, Plaintiff claims the pseudonymous username should not be used in this litigation lest he face potential retaliation; yet on the other, Plaintiff already uses the pseudonymous username in a public-facing way to promote his views on social media. Plaintiff cannot have it both ways. Plaintiff could, and likely already does, face retaliation or criticism from others who view and disagree with his public social media posts. While he recognizes the power of social media – with one post garnering nearly 96,000 views, he also understands the importance of maintaining his personal privacy through the use of a pseudonym instead of "[his] true name." ECF No. 2-1 at ¶¶ 3-5. He already has that privacy.

In *Doe v. Bergstrom*, 315 Fed. Appx. 656, No. 07-35784 (9th Cir. 2009), the Ninth Circuit affirmed the district court's denial of plaintiff's motion to proceed anonymously in a § 1983 action

against police officers after he was arrested and prosecuted for prostitution procurement activities. Even though the *Bergstrom* plaintiff faced the possibility of embarrassment, employment difficulties, harassment and retaliation, the Ninth Circuit held that because plaintiff's arrest, prosecution and acquittal were already matters of public record, he had no need to proceed anonymously in the litigation. *Id.* at 657 ("Doe's purported need to proceed anonymously does not implicate the highly intimate, personal information contemplated in *Advanced Textile,*" *citing Advanced Textile Corp.*, 214 F.3d at 1068).

Here, Plaintiff's use of social media to reach 96,000 views likely surpasses the public exposure of the *Bergstrom* plaintiff's criminal record, and voluntarily so. Plaintiff's public use of a pseudonym vis-à-vis his true identify already insulates Plaintiff from any potential retaliation. ECF No. 2-1 at ⁋ 5. While Plaintiff states he cannot use his true name or identity in this lawsuit (ECF No. 2-1 at ⁋⁋ 12-14), he fails to address why he cannot use his own pseudonym and must instead use John Doe. The Motion conflates the needs of an individual to remain anonymous with the use of an existing pseudonym. As the privacy interest justifications of an individual do not read onto a pseudonym, what Plaintiff seeks is essentially two steps removed from any proper motion to proceed pseudonymously. The Court need not, and should not, add this extra layer of anonymity for Plaintiff when the general rule is to sue in one's own true name, and where the pseudonym is already being used in such a public fashion.

The United States Must Be Able To Verify the Agency That Issued the Subpoena In Order To Defend Itself.

Lastly, without the disclosure of Plaintiff's Gmail address and/or the DHS-issued subpoena number, the United States cannot confirm which DHS component issued the subpoena, and therefore the United States cannot properly defend itself. With well over a dozen operational and support agencies, including Immigration and Customs Enforcement (ICE), Customs and Border Protection (CBP), and Transportation and Security Administration (TSA) – as well as additional subagencies, DHS needs at a minimum Plaintiff's pseudonymous username and the summons number to locate the subpoena at issue. ECF No. 1-1.

As represented by Plaintiff, Google LLC sent Plaintiff an already-redacted copy of the subpoena with all redactions included in ECF No. 1-1 except for Plaintiff's email address and the summons

number. ECF No. 24-1 at ⁋ 3. Setting aside the obvious question of why Google would send Plaintiff a heavily redacted version of the subpoena in the first place,[2] the United States' viewing of its own subpoena, with as few redactions as possible, would allow it to, at the least: verify the issuing officer and agency, consider the records requested for inspection, and determine DHS's actions going forward, if any. Whatever little privacy interest Plaintiff may have in a pseudonymous username, he has zero interest in a subpoena number issued by the DHS.

Moreover, if served with the summons and complaint (which it has not been), the United States must be able to defend itself in this action. It cannot do so if Plaintiff is allowed to circumvent Rule 17(a) (Fed. R. Civ. P.) and continue as a Doe plaintiff when he already has a pseudonym that is not self-identifying, and hence no privacy interest at stake, and the at-issue subpoena itself was issued by an unnamed (and, as yet, unknown) agency of the United States.

For the foregoing reasons, the United States objects to Plaintiff proceeding pseudonymously. On the same grounds, the United States would oppose Plaintiff's Second Renewed Administrative Motion for Leave to File Under Seal, which, if granted, would only disclose a pseudonymous username and the DHS-issued subpoena number (ECF No. 24).

DATED: August 14, 2026

Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

*/s/ Kenneth J. Kao*
KENNETH J. KAO
Assistant United States Attorney

Attorneys for the United States

[2] The redactions purportedly made by Google include all identifying and contact information for the DHS officer/agent who issued the subpoena, the DHS officer/agent authorized to serve the summons, and the Criminal Investigator(s) who were to receive the requested records. *See* ECF No. 1-1.