Michael Perloff (D.C. Bar No. 1601047) (*pro hac vice*)
mperloff@acludc.org
Laura K. Follansbee (D.C. Bar No. 1782046) (*pro hac vice*)
lfollansbee@acludc.org
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF THE DISTRICT OF COLUMBIA
529 14th St NW, Ste 420
Washington, DC 20045
Telephone: (202) 457-0800

Jacob A. Snow (CA Bar No. 270988)
jsnow@aclunc.org
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN CALIFORNIA
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 621-2493

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHN DOE,<br><br>Plaintiff,<br><br>v.<br><br>MARKWAYNE MULLIN, *in his official capacity as Secretary of the Department of Homeland Security*<br><br>Defendant. | Case No. 5:26-cv-03988-NW<br><br>**REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO PROCEED PSEUDONYMOUSLY** |

## INTRODUCTION

Plaintiff John Doe has moved to proceed pseudonymously in this litigation, Dkt. No. 2, and, separately, moved to seal two pieces of information from the summons challenged in this case: 1) his email address and 2) the summons number, Dkt. No. 24. The government filed an "Objections to the Motion to Proceed Pseudonymously," Dkt. No. 25 ("Objections") that does not dispute Mr. Doe's entitlement to proceed under a pseudonym in this case, that is, without having his true name identified on the public docket. Rather, the government objects only to Mr. Doe's choice of pseudonym, arguing that the government, rather than Mr. Doe, should choose the name he goes by in these proceedings. The government also makes other arguments directed, it seems, at Mr. Doe's motion for leave to file an exhibit to the complaint under seal. For example, the government argues that Mr. Doe's email address should be public and that the government's defense will be hamstrung if the motion to seal is granted. The government's objections to both motions are unpersuasive.

## ARGUMENT

### I. Mr. Doe's Motion to Proceed Pseudonymously Should Be Granted.

The public's right to information is substantial, but it must give way when "compelling reasons" for protecting that information eclipse the public's interest in accessing it. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006). Such is the case here. Mr. Doe filed this action to prevent the government from unlawfully learning his name and obtaining sensitive information about him. If Mr. Doe cannot proceed under a pseudonym, his decision to challenge the government would supply it with the some of the information he seeks to protect (or, given the government's access to consumer data, possibly all of it, Pseudonymity Mot. at 2). The public does not need to know Mr. Doe's true name to follow the case. Further, shielding that information assures other social media critics that, if they mount legal challenges to unlawful government attempts to unmask them, their efforts will not be self-defeating.

The government does not meaningfully contest these points and offers little analysis for why Plaintiff should be forced to proceed under his true name rather than a pseudonym. The government does gripe in a footnote that, if Mr. Doe prevails on his motion to proceed pseudonymously, neither the government nor the Court would know his true name. Objections at 1 n. 1. But that is the natural

consequence at the outset of a case when a party proceeds pseudonymously. Mr. Doe's position is that his identity—the central information he filed this case to protect—should not be publicly disclosed for the pendency of this case. As for disclosure to counsel for the government and the Court, the parties have yet to meet and confer about discovery and trial. Those discussions will include the content of a protective order to protect Mr. Doe's identity and other information, as appropriate, while allowing this litigation to move forward.

The government offers no further analysis as to why Mr. Doe is not entitled to proceed under a pseudonym. In fact, quite the opposite, the government appears to concede that Mr. Doe can proceed pseudonymously in this case, stating that "there may be a legal basis for withholding Plaintiff's true name . . . ." Objections at 1. This ends the inquiry, and the motion to proceed pseudonymously should be granted.

The government contends, however, that Mr. Doe should proceed in this litigation not under the name "John Doe" but instead under his email address or social media username, since Mr. Doe's email is not "self-identifying" (as one styled <first initial>.<last name>@<email provider>.com would be). Objections at 2. Under this approach, the case caption would presumably read *<email address or social media username v. Mullin*, and briefs would refer to Mr. <email or social username> instead of Mr. <Doe>. That would result in briefs including unusual statements, such as (to use email addresses the government offers as examples): "Mr. DHScritic@gmail.com contends" or "Mr. bluehorseshoe@gmail.com has a privacy interest." These odd locutions explain why the standard practice is for pseudonymous parties to proceed under the names John Doe, Jane Doe, or a similar formulation. The government offers no support for the proposition that one party can dictate how the other refers to themselves in a legal proceeding, and Plaintiff knows of none.

Further, allowing Mr. Doe to proceed pseudonymously under a name he selects will not disturb the government's ability to investigate or litigate this case. In fact, the parties have already met and conferred about a protective order to ensure that Mr. Doe can share his email address and the summons number with the government without putting himself at risk. Mr. Doe anticipates that those discussions will result in either the parties filing a stipulated request for a protective order or Mr. Doe filing a motion for a protective order that the government opposes. No matter the outcome of those discussions and

potential motion practice, Mr. Doe should be allowed to bring this case under a pseudonym.

## II. Mr. Doe's Motion for Leave to File Under Seal Should Be Granted.

The government makes other arguments that appear directed at Mr. Doe's motion for leave to file under seal rather than the motion to proceed pseudonymously. Specifically, it contends that: (1) Mr. Doe has no privacy interest in his email address (Objections at 2); (2) he faces no risk of retaliation from the disclosure because the public already knows his email username through his social media activity (Objections at 3); and (3) sealing would prejudice the government (Objections at 3–4). Each argument fails.

Take the third argument first. The government contends that if the Court sealed Mr. Doe's email address and the summons number, the government would lack access to this information and therefore could not defend itself in the litigation. Objections at 4. This is wrong: a sealing order does not prevent the party opposing sealing from accessing the sealed material. *See, e.g.*, Order re Ex Parte Mot. for In Camera Review, *Morales v. Magna, Inc.*, No. 3:10-cv-01601-EDL (N.D. Cal. Sept. 14, 2010), Dkt. No. 62, 2–3 (observing that a "privilege log is unnecessary for documents filed under seal because all parties have access to sealed documents."). Instead, a sealing order blocks the opposing party from sharing the sealed information with the public. *See* Civil L.R. 79-5(a) (defining the sealing procedures as covering "all instances where a party seeks to conceal information from the *public*" (emphasis added)). It also prevents the opposing party from using the information for purposes outside the litigation (e.g., if a court allows litigant in a trade-secret case to file confidential business information under seal, the other side would be prohibited both from sharing it publicly and using it for pecuniary gain). But a sealing order does not prevent the parties' attorneys from using the information to aid its investigation or defense. *See Morales*, No. 3:10-cv-01601-EDL, at 2–3. The government's fear that a document filed under seal will somehow interfere with its defense is therefore misplaced.

The government fares no better in the other two arguments, both of which challenge Plaintiff's privacy interests. The government appears to assert that people categorically lack a privacy interest in an email address that does not disclose their name (e.g., [first initial].[last name]@email provider.com). Objections at 2. But courts have shielded such email addresses from public disclosure out of concern that parties will receive harassing messages, a risk that applies regardless of whether the email reveals

the owner's name. *See Cancino Castellar v. Mayorkas*, No. 17-cv-00491-BAS-AHG, 2021 WL 3678440, at *4 (S.D. Cal. Aug. 19, 2021) (sealing email addresses of federal officials to protect them from unwanted messages and doxxing). Implicitly recognizing this point, the government, in its final remaining argument, asserts (without basis) that no such concern exists here because Mr. Doe "uses the pseudonymous username in a public-facing way to promote his views on social media." Objections at 2. But the email address that Mr. Doe seeks to shield uses a different pseudonym than the one he uses as his social media handle. Second Declaration of John Doe ¶ 2. Mr. Doe's social media handle, moreover, does not appear in the Summons, Mr. Doe's complaint, or Mr. Doe's declaration. That distinguishes this case from *Doe v. Bergstrom*, 315 Fed. Appx. 656 (9th Cir. 2009) in that Plaintiff seeks to shield information that is not already publicly associated with this case.

Notably, the government does not contest Mr. Doe's argument that, absent protection, he is vulnerable to a reasonably likely threat of severe retaliation from both the public and the government itself. *See* Pseudonymity Mot. at 3–4, Renewed Sealing Mot. at 3. Indeed, the government says nothing to assuage Mr. Doe's concerns that his criticism of the government, and decision to file this lawsuit, will result in sanction should he try to visit the United States, as has happened to other social media critics entering from abroad. Pseudonymity Mot. at 3.

The government does not currently know that the email address it targeted earlier this year belongs to the person who filed this lawsuit. *See* Objection at 3. Mr. Doe has no objection to opposing counsel learning this association, so long as it is neither shared publicly nor used for purposes beyond investigating and defending this case. Granting the motion to seal would provide this protection. The government offers no reason why such relief would prejudice it, nor does it explain why, given the concerns Mr. Doe has raised, the remedy is unwarranted.

**CONCLUSION**

For the above reasons, the motion to proceed pseudonymously should be granted.

Dated: August 21, 2026

Respectfully submitted,

*/s/ Jacob A. Snow*
Jacob A. Snow (CA Bar No. 270988)

AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN CALIFORNIA

Michael Perloff (D.C. Bar No. 1601047) (*pro hac vice*)
Laura K. Follansbee (D.C. Bar No. 1782046) (*pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
OF THE DISTRICT OF COLUMBIA

*Attorneys for Plaintiff*