Laura K. Follansbee (D.C. Bar No. 1782046) (appearance *pro hac vice*)
lfollansbee@acludc.org
Michael Perloff (D.C. Bar No. 1601047) (appearance *pro hac vice*)
mperloff@acludc.org
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF THE DISTRICT OF COLUMBIA
529 14th St NW, Ste 420
Washington, DC 20045
Telephone: (202) 457-0800

Jacob A. Snow (CA Bar No. 270988)
jsnow@aclunc.org
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN CALIFORNIA
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 621-2493

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| JOHN DOE,<br><br>Plaintiff,<br><br>v.<br><br>MARKWAYNE MULLIN, *in his official capacity as Secretary of the United States Department of Homeland Security*<br><br>Defendant. | Case No. 5:26-cv-03988-NW<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Initial Case Management Conference<br>Date: November 3, 2026<br>Time: 9:00 A.M.<br>Judge: Hon. Noël Wise |

Plaintiff John Doe ("Plaintiff" or "Mr. Doe") and Defendant Markwayne Mullin ("Defendant") (collectively, "the Parties") submit this Case Management Statement pursuant to Civil Local Rule 16-9, the Standing Order for All Judges of the Northern District of California, the Standing Order for all Civil Cases Before District Judge Noël Wise, and the Court's order dated August 11, 2026.

## I. JURISDICTION AND SERVICE

Plaintiff brought this action under 19 U.S.C. § 1509 and 28 U.S.C. § 1331. Dkt. No. 1 ("Complaint") ¶¶ 5, 6. Plaintiff states that as an official capacity suit for injunctive and declaratory relief against Secretary Mullin, this action is not precluded by sovereign immunity. *The Presbyterian Church (U.S.A.) v. United States*, 870 F.2d 518, 525 (9th Cir. 1989) (holding that § 702 of the Administrative Procedure Act ("APA") "waives sovereign immunity in all actions seeking relief from official misconduct except for money damages"); *Larson v. Domestic and Foreign Corp*., 337 U.S. 682, 689-91 (1949) (explaining that when an officer's "actions are ultra vires his authority" he "may be made the object of specific relief."). On October 2, 2026, Plaintiff served the Complaint, a sealed copy of Exhibit A thereto, and the summons on Defendant, pursuant to Federal Rule of Civil Procedure 4, this Court's August 11, 2026 Order Granting Motion to Extend Deadlines, Dkt. No. 22, and this Court's Order Granting Plaintiff's Motion for Leave to File Under Seal, Dkt. No. 27.

Defendant states that Plaintiff has not yet identified a statutory waiver of Defendant's sovereign immunity. Plaintiff identifies only two statutes as the basis for jurisdiction—§ 1331 and § 1509—but neither of those statutes waive the federal government's sovereign immunity. Unless and until Plaintiff identifies a statutory waiver of sovereign immunity, the scope of this Court's jurisdiction, including what procedural steps are permissible in district court, remains in question.

## II. FACTS

Plaintiff uses Google's Gmail service for his email. Complaint ¶ 11. One such Gmail account is linked to his account with X. *Id.* Mr. Doe is an avid social media user and posts frequently on X. Complaint ¶ 12. His X posts include political content critical of President Trump and his administration, including the Department of Homeland Security ("DHS") and its employees. Complaint ¶ 13. Mr. Doe frequently tags high ranking U.S. government officials in his posts and comments on posts by those officials, allowing those officials to receive notifications of Mr. Doe's comments. Complaint ¶ 15. And

Mr. Doe’s posts often receive thousands of views; his posts have collectively received over 100,000 views. Complaint ¶ 16.

On February 4, 2026, the Department of Homeland Security (“DHS”) issued an administrative summons (the “Summons”) to Google seeking the disclosure of Mr. Doe’s personal information, including his name, home address, websites he visits, and people he communicates with online. Complaint ¶¶ 18–29. DHS issued this Summons under the purported authority of 19 U.S.C. § 1509, which concerns the government’s ability to enforce customs laws and authorizes DHS to issue summonses to investigate violations of a limited set of statutes. Complaint ¶ 31. The Summons does not articulate any nexus between the information it requests and the investigations that Section 1509 permits DHS to conduct. Complaint ¶ 33.

Defendant disagrees with Plaintiff’s characterization of § 1509 Summonses, generally, and the specific Summons at issue in this case.

On May 4, 2026, Plaintiff John Doe filed a Complaint seeking injunctive and declarative relief seeking relief from the Summons.

On October 2, 2026, Plaintiff served the Summons and Complaint on the Department of Homeland Security, the Attorney General of the United States, and the United States Attorney’s Office for the Northern District of California, including a copy of the Summons as Mr. Doe received it from Google, with the summons number and Mr. Doe’s email address unredacted. Dkt. No. 28. At Defendant’s request, Plaintiff contacted Google to ask if it could provide a “clean” copy of the Summons with no redactions. On October 13, 2026, Plaintiff received a “clean” copy from Google. On October 14, 2026, two days ago, Plaintiff provided Defendant with a “clean” copy of the Summons at issue with no redactions whatsoever, allowing Defendant finally to identify which DHS component issued the Summons here.

The Parties now submit this case management statement pursuant to the Court’s order dated August 11, 2026 (Dkt. No. 22) and Local Rule 16-2(e).

## III. LEGAL ISSUES

The Parties identify the following as principle disputed legal issues.

- Whether Plaintiff has identified a statutory waiver of Defendant's sovereign immunity sufficient to confer subject matter jurisdiction over this lawsuit.
- The propriety of the Summons issued relying on Defendant's authority under 19 U.S.C. § 1509.
- The enforceability of the Summons as to its requests for documents which allegedly exceed the scope of what Defendant may demand or obtain under 19 U.S.C. § 1509.
- The legality of Defendant's use of similar summonses or subpoenas to solicit Mr. Doe's personal information outside the scope of their authority.
- Whether the Summons should be quashed, vacated, and nullified.
- Whether Defendants and their agents should be enjoined from enforcing the Summons and/or similar summonses or subpoenas against Mr. Doe.
- Whether a declaratory judgment should issue that Google has no obligation to comply with the Summons and/or similar summonses or subpoenas.
- Whether Plaintiff is entitled to an award of fees and costs pursuant to 28 U.S.C. § 2412, the Equal Access to Justice Act and Rule 45(d)(1) of the Federal Rules of Civil Procedure.

## IV. MOTIONS

On May 4, 2026, Plaintiff filed a Motion to Proceed Pseudonymously, Dkt. No. 2, and an Administrative Motion for Leave to File Under Seal an unredacted copy of the Summons at issue, Dkt. No. 3, which he renewed to include additional information required by the Court's Civil Standing Order on August 6, 2025, Dkt. No. 18. He renewed the motion a second time, on August 13, 2026, to clarify the source of redactions on the copy of the Summons at issue. Dkt. No. 24. On July 24, 2026, the Court provisionally granted the Motion to Proceed Pseudonymously. Dkt. No. 15. On August 14, 2026, Defendant objected to Plaintiff's Motion to Proceed Pseudonymously and Administrative Motion for Leave to File Under Seal. Dkt. No. 25. The court granted Plaintiff's Motion for Leave to File Under Seal on September 30, 2026. Dkt. No. 27.

On July 29, 2026, Plaintiff filed a motion to extend the time to serve the complaint and to extend related court deadlines, which Defendant did not oppose. Dkt. No. 16.

The Parties anticipate that additional motions may be necessary.

## V. AMENDMENT OF PLEADINGS

Plaintiff filed the Complaint on May 4, 2026 and reserves his right to amend based on facts arising after the initial filing or otherwise, in accordance with the circumstances authorized by the Federal Rules and the Court's Initial Case Management Scheduling Order for All Cases. Dkt. No. 12.

## VI. EVIDENCE PRESERVATION

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information, have met and conferred pursuant to Fed. R. Civ. P. 26(f), and acknowledge their duty to preserve relevant materials in accordance with applicable rules and case law.

## VII. DISCLOSURES

The Parties each served initial disclosures on October 13, 2026, as required by Federal Rule of Civil Procedure 26(a)(1)(A) and this Court's August 11, 2026 Order. Dkt. No. 22. Plaintiff disclosed that he, agents or employees of Defendant, and employees at Google LLC may have relevant discoverable information and identified potentially relevant documents in his custody and control.

## VIII. DISCOVERY

Plaintiff states that discovery (through document requests, interrogatories, depositions, and requests for admission) will be necessary on the issues set forth in the Complaint and Section III of this Case Management Statement, as the nature and contents of Defendant's investigation into Mr. Doe bears directly on Defendant's authority to issue the relevant administrative summons under § 1509.

Defendant states that discovery is not necessary as this is purely a legal challenge to Defendant's authority under § 1509 to issue an administrative summons to Google, Inc. to identify one of its users. Defendant does not believe discovery will be necessary for the Court to decide this issue of statutory interpretation. Insofar as Defendant's investigation into Mr. Doe is still active and ongoing, Defendant apprises the Court that any discovery allowed will necessarily involve privileged information and documents.

Defendant further notes that until Plaintiff identifies a statutory waiver of sovereign immunity and therefore identifies the procedural scope of this lawsuit, it is unclear whether discovery is permissible at all.

CLASS ACTIONS

This is not a class action.

## IX. RELATED CASES

The Parties note for the Court's convenience that there have been a number of cases filed in the Northern District of California to quash administrative subpoenas issued by the United States Department of Homeland Security.[1] However, those cases were brought by different plaintiffs or movants and address different subpoenas; accordingly, the Parties do not regard them as related under Local Rule 3-12(a).

## X. RELIEF

Plaintiff seeks the relief set forth in his Prayer for Relief. *See* Complaint at 9.

## XI. SETTLEMENT AND ADR

The Parties met and conferred regarding possible settlement and Alternative Dispute Resolution following service and each filed ADR certifications on October 6, 2026. Dkt. Nos. 29, 31. At this juncture, the Parties believe that an ADR process is unlikely to promote resolution of this case, and that this case should be exempted from any ADR process.

## XII. OTHER REFERENCES

The Parties do not consider this case suitable for reference to binding arbitration or a special master, or reference to the Judicial Panel on Multidistrict Litigation. Plaintiff did not consent to the jurisdiction of the magistrate judge and filed a form declining that jurisdiction on May 19, 2026. Dkt. No. 9.

## XIII. NARROWING OF ISSUES

The most consequential issue in this litigation is the propriety of the Summons issued relying on Defendant's authority under 19 U.S.C. § 1509. Plaintiff states that this may be resolved through discovery of Defendant's records regarding Plaintiff and briefing regarding the scope of § 1509.

[1] *See, e.g.*, *J. Doe v. United States Department of Homeland Security*, 3:25-mc-80286, (N.D. Cal.); *In the Matter of the Subpoena Number FY25-ELC-0105*, 3:25-mc-80284, (N.D. Cal.); *J. Doe v. United States Department of Homeland Security*, 3:25-mc-80325, (N.D. Cal.); *Doe v. United States Department of Homeland Security*, 5:26-mc-80026, (N.D. Cal.); *J. Doe v. The United States Department of Homeland Security*, 3:26-mc-80074, (N.D. Cal.).

Defendant states that discovery is not necessary and that the scope of § 1509 and Defendant's authority thereunder is one of statutory interpretation.

## XIV. SCHEDULING

Plaintiff proposes the case schedule below, which does not deviate from the schedule set forth in Section F of the Standing Order for all Civil Cases Before District Judge Noël Wise. Defendant does not concur that a case management schedule allowing for fact and expert discovery is appropriate let alone necessary to resolve the principal issue at bar – Defendant's authority under § 1509 to issue the Summons on Google, Inc. relating to Mr. Doe.

| **Case Stage** | **Deadline** |
|---|---|
| Close of Fact Discovery | 241 days before trial |
| Deadline to Complete ADR:<br>[ ] Court-sponsored mediation<br>[ ] Court-sponsored ENE<br>[X] Mag. Judge Settlement Conf.<br>[ ] Private mediation<br>[ ] Private arbitration<br>[ ] Other: | Approximately 220 days before trial |
| Opening Expert Reports | 213 days before trial |
| Rebuttal Expert Reports | 185 days before trial |
| Close of Expert Discovery | 164 days before trial |
| Deadline to File Dispositive/*Daubert* Motions | 143 days before trial |
| Hearing on Dispositive/*Daubert* Motions and Trial Readiness Conference | 89 days before trial |
| Joint Pretrial Conference Statement | 22 days before trial |
| Pretrial Conference | 19 days before trial |
| Trial | Within 12 to 20 months of the initial case management conference |

## XV. TRIAL

Because Plaintiff does not seek damages, trial by the court is appropriate. To the extent this case reaches trial, Plaintiff expects trial will last approximately 4 days.

Defendant maintains there is no triable issue of fact here. This case instead involves a purely legal issue of statutory interpretation that will be submitted to the Court. Defendant further notes that until Plaintiff identifies a statutory waiver of sovereign immunity and therefore identifies the procedural scope of this lawsuit, it is unclear whether a trial is permissible at all.

## XVI. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSON

As set forth in Plaintiff's Civil Local Rule 3-15 statement filed on August 7, 2026, counsel for Plaintiff certify that other than the named parties, there is no such interest to report. Defendant is exempt from the requirement to file a Certification of Interested Entities or Persons under Civil Local Rule 3-15.

## XVII. PROFESSIONAL CONDUCT

The attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

## XVIII. OTHER MATTERS

The Parties submit this case management statement pursuant to Local Rule 16-2(e).

Dated: October 16, 2026

/s/ *Laura K. Follansbee*
Laura K. Follansbee (D.C. Bar No. 1782046) (appearance *pro hac vice*)
Michael Perloff (D.C. Bar No. 1601047) (appearance *pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF THE DISTRICT OF COLUMBIA

Jacob A. Snow (CA Bar No. 270988)
AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF NORTHERN CALIFORNIA

*Attorneys for Plaintiff*

Dated: October 16, 2026

Respectfully submitted,
CRAIG H. MISSAKIAN
United States Attorney

*/s/ Kenneth J. Kao*
Kenneth J. Kao
Assistant United States Attorney
Attorneys for Defendant